up as an estoppel by the company. The company has waived the right to insist upon this forfeiture. In a case reported (Geib v. International Ins. Co. [Case No. 5,298]) we considered this question very fully. There the loss had happened on a fire policy, and the company, before any action was brought by the assured, filed a bill in equity to cancel the policy on the ground of fraud. Now, the purpose of the company was—knowing or apprehending, without question, that a suit would be brought against it—to transfer the litigation from the law to the chancery forum; in other words, if I may be allowed to use the expression, by a "flank movement" to avoid the jury, and draw into a court of chancery all the litigation of the country in policies of insurance—marine, fire, and life. Justice Miller sat at the time, and agreed in the opinion that I delivered in that case. I was very much gratified to see that in two cases referred to me by the bar and reported in the Chancery Appeal Reports of Great Britain, two years after that decision, our views coincided with that of the courts over there. We have no doubt whatever that if this company did waive a right by this circular—the right to insist upon the forfeiture —the plaintiff can avail himself of it in a court of law. Bill dismissed.

---

## Case No. 11,965.

### ROBINSON v. SATTERLEE.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 11,966.

### ROBINSON v. SATTERLEE.

[Nowhere reported; opinion not now accessible.]

---

## Case No. 11,967.

### ROBINSON v. SATTERLEE.

[3 Sawy. 134.] [1]

Circuit Court, D. California. Sept. 7, 1874.

JUDGES — CIRCUIT COURT — RULES OF COURT — LACHES—LEAVE TO RENEW MOTION—AN- SWER—FORMER JUDGMENT.

1. Where one judge has denied a motion, another judge of the same court has jurisdiction to grant leave to renew the motion.

2. A judge of a United States district court, while sitting alone as circuit judge, in the United States circuit court, has the same powers and jurisdiction as any other judge sitting in the same court.

[Cited in Commercial & Sav. Bank v. Corbett, Case No. 3,057; Vulcanite Co. v. Folsom, 3

Fed. 513; Industrial & Min. Guaranty Co. v. Electrical Supply Co., 7 C. C. A. 471. 58 Fed. 737.]

3. Under the sixty-sixth equity rule prescribed by the United States supreme court, the order dismissing the complainant's bill for want of a replication is of course, and may be entered in the clerk's office without any application to, or action by the judge.

4. The dismissal is final unless set aside by the court upon application duly made within the proper time in pursuance of the provisions of the rule.

5. Where a bill has been dismissed for want of a replication under the sixty-sixth equity rule, a motion to set aside the dismissal made nearly five years after the entry of the order of dismissal, without offering any excuse for the delay, will be denied.

6. Where leave to set up by way of amended answer a former judgment between the same parties upon the same subject-matter had been denied, pending an appeal from the judgment sought to be set up, leave to file a supplemental answer setting up said judgment was granted upon renewal of the motion upon leave after the judgment had become final by affirmance on appeal. (Per Hoffman, J. See statement of the case.)

[This was a bill in equity by J. P. Robinson against John Satterlee.]

Motion to set aside an order granting leave to file a supplemental answer; also, to set aside an order dismissing the bill under the sixty-sixth equity rule for failure to file replication. The bill was filed January 18, 1868. The defendant, Satterlee, entered his appearance March 2, 1868. April 18, in default of an answer, an order was entered taking the bill pro confesso. On application of defendant, Satterlee, the default was opened April 23, "with leave to file an answer herein within five days denying the allegations of complainant's bill and setting up title in defendants." On the same day a further application for leave to set up as another answer, by way of estoppel, a judgment between defendants and the grantor of complainant upon the same subject-matter, was denied, by Deady, district judge, sitting as circuit judge. On April 27, defendant filed his answer to the bill. On July 8, another application for leave to file an amended answer, was denied by Mr. Justice Field, "it appearing that a similar motion had been previously considered and denied." On August 21, 1869, defendant, Satterlee, by leave of the court, applied for leave to file a supplemental answer setting up the prior judgment between defendants and the complainants' grantors, upon affidavits excusing default; showing mistake in his prior applications, and that said judgment which he sought to set up by way of estoppel, had, since the commencement of this suit, and since the former application, become final, by its having been affirmed by the supreme court of the state on appeal. Leave to file such supplemental answer was granted by the court, Hoffman, district judge, presiding, and giving a written opinion upon the application.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]